2004R00818
AC/gr

| | |
|---|---|
| | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY |
| UNITED STATES OF AMERICA  ) | Hon. Dennis M. Cavanaugh, U.S.D.J. |
| Plaintiff,  ) | Criminal No. 09-201 (DMC) |
| v.  ) | |
| STEPHEN L. ANCIER,  ) | |
| Defendant.  ) | |

## FIRST AMENDMENT TO A FINAL ORDER OF FORFEITURE

On March 31, 2010, the Court entered a Final Order of Forfeiture in the form of a money judgment for $465,955 in United States currency (hereinafter "$465,955"), which represented the amount of proceeds that was obtained or traceable to the offense to which Stephen L. Ancier pled guilty. (CM/ECF Doc. 8). The money judgment remains unsatisfied.

The United States has now established, by a preponderance of the evidence, that the land and premises deeded in the name of Dang Ling Conversations, LLC, an entity controlled by Stephen L. Ancier, and known as: All of that certain parcel and land (being all of the land(s) described in and covered by Land Patent Grant Number 9911 to Mulihele Aienue) situate, lying and being at Kaimu, Makena, District of Puna, Island and County of Hawaii, being Lot 16, Assessors Parcel Number 3-1-2-006-017, being at the northwest corner of this lot, at a point and pile of stones, on the makai edge of the

1

Government Road, the coordinates of which point are 18,487.60 feet north and 2,371.00 feet west of Hakuma Triangulation Station, as shown on Hawaii Territory Survey Registered Map No. 2072, and running by true azimuths:

| | | | |
|---|---|---|---|
| 1. | 332° 15' | 1,900.00 | feet along 30 foot Road Reserve; |
| 2. | 242° 15' | 750.00 | feet along Lot No. 15; |
| 3. | 152° 15' | 1,770.00 | feet along Government land; |
| 4. | 72° 05' | 761.20 | feet along makai edge of the Government Road, to the point of beginning and containing an area of 31.59 acres, more or less, |

as described in the Warranty Deed, Document No. 2003-184801, recorded on September 2, 2003, with the State of Hawaii Bureau of Conveyances, represents property constituting or derived from proceeds obtained as a result of his violation of 21 U.S.C. §§ 841 and 846 or is traceable to such property and therefore is subject to forfeiture within the meaning of Rule 32.2(e) of the Federal Rules of Criminal Procedure and is subject to forfeiture under the existing Final Order of Forfeiture.

Accordingly, for the reasons given in the Government's Motion to Amend the Final Order of Forfeiture, and pursuant to Rule 32.2(e),

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

**THAT** the Final Order of Forfeiture entered on March 31, 2010 (CM/ECF Doc. 8) is amended to include the land and premises deeded in the name of Dang Ling Conversations, LLC, an entity controlled by Stephen L. Ancier, and

known as: All of that certain parcel and land (being all of the land(s) described in and covered by Land Patent Grant Number 9911 to Mulihele Aienue) situate, lying and being at Kaimu, Makena, District of Puna, Island and County of Hawaii, being Lot 16, Assessors Parcel Number 3-1-2-006-017, being at the northwest corner of this lot, at a point and pile of stones, on the makai edge of the Government Road, the coordinates of which point are 18,487.60 feet north and 2,371.00 feet west of Hakuma Triangulation Station, as shown on Hawaii Territory Survey Registered Map No. 2072, and running by true azimuths:

| | | | | |
|---|---|---|---|---|
| 1. | 332° | 15' | 1,900.00 | feet along 30 foot Road Reserve; |
| 2. | 242° | 15' | 750.00 | feet along Lot No. 15; |
| 3. | 152° | 15' | 1,770.00 | feet along Government land; |
| 4. | 72° | 05' | 761.20 | feet along makai edge of the Government Road, to the point of beginning and containing an area of 31.59 acres, more or less; |

as described in the Warranty Deed, Document No. 2003-184801, recorded on September 2, 2003, with the State of Hawaii Bureau of Conveyances; and

**THAT** the United States shall, promptly after the forfeiture of the Property, initiate proceedings necessary to protect any third-party interests in the substitute property, pursuant to and in accordance with Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n), prior to requesting entry of a final order of forfeiture with respect thereto; and

**THAT** pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish

notice of this Order and of its intent to dispose of the Property in such a manner as the Attorney General may direct, including posting notice on the official Internet government forfeiture site, namely www.forfeiture.gov for at least thirty consecutive days; and

**THAT** the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Property that is the subject of this Order, as a substitute for published notice as to those persons so notified; and

**THAT** pursuant to 21 U.S.C. § 853(n)(2), any person other than Stephen L. Ancier asserting a legal interest in any of the Property must file a petition with the Court within **thirty** days of the final publication of notice or of receipt of actual notice, whichever is earlier, and state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Property, and a hearing is requested, it shall be held before the Court alone, without a jury; and

**THAT** pursuant to 21 U.S.C. § 853(n)(3), the petition must be signed by the petitioner under penalty of perjury, as established in 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title or interest in each item of the Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Property, and any additional facts supporting their claim and the relief sought; and

**THAT** pursuant to 21 U.S.C. § 853(n)(4), a hearing on the petition will be held, to the extent practicable and consistent with the interests of justice, upon the conclusion of discovery. The Court may consolidate the hearing on the petition with any other hearings requested on any other petitions filed by any other person other than Stephen L. Ancier; and

**THAT** upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture as to the Property, pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed; and

**THAT** this Court shall retain jurisdiction in this case for the purpose of enforcing this Order; and

**IT IS FURTHER ORDERED** that the Government shall continue its investigation pursuant to Rule 32.2(b)(3) to locate and identify other property subject to forfeiture under the Final Order of Forfeiture, which investigation may include the taking of depositions, requests for the production of documents, service of interrogatories, and other methods of discovery authorized by 21 U.S.C. § 853(m), Rule 32.2(b)(3), and the Federal Rules of Civil Procedure.

IT IS SO ORDERED this  15th  day of  September, 2011.

_____
Hon. Dennis M. Cavanaugh, U.S.D.J.

5